UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA E. MONTOYA, individually and on behalf of all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>RELISH LABS LLC, d/b/a HOME CHEF,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b), Defendant Relish Labs LLC, d/b/a Home Chef ("Home Chef" or "Defendant") removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. *See* Civil Action Cover Sheet filed herewith as **Exhibit A**. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

**Overview of the Claims Asserted and Relief Sought**

1.   Plaintiff Maria E. Montoya filed a class action complaint (the "Complaint") against Defendant in which she alleges Defendant violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq. See* Compl. attached hereto as **Exhibit D**. In particular, she alleges Defendant violated Sections 15(a), 15(b), 15(c), and 15(d) because it allegedly collected, captured, stored, obtained, used, and/or disseminated its employees' fingerprints and/or profited from such without: (a) informing them of the specific purpose and

length of time for which their fingerprints were collected and stored; (b) making publicly available a retention schedule and policy for destroying their fingerprints; and (c) obtaining a written release in which they authorized Defendant to collect, capture, store, and/or use their fingerprints. Compl., ¶¶50-51. Plaintiff purports to bring the claims on behalf of the following putative class:

> All of Relish Labs LLC dba Home Chef employees or agents and staffers whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period.

Compl., ¶37.

2. Plaintiff asks the Court to "award of statutory damages of $5,000 for each willful and/or reckless violation" of the above referenced sections of BIPA (i.e., $20,000 per putative class member). Compl., Prayer for Relief, ¶D.

### Basis for the Court's Jurisdiction Under CAFA

3. CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

**A.  This Matter Is a "class action" Under CAFA.**

4. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;" and (c) obtaining written releases for the alleged

collection of employees' biometric identifiers and biometric information. 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to bring BIPA claims, pursuant to 735 ILCS § 5/2-801, on behalf of "[a]ll of Relish Labs LLC dba Home Chef employees or agents and staffers whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period." Compl., ¶37. Hence, this action is a "class action" under CAFA.

**B.     The Requirement of Minimal Diversity Is Met.**

5.     Minimal diversity exists. Plaintiff is a citizen of the State of Illinois. Compl., ¶2. Defendant is not a citizen of the State of Illinois. Neither are its two members.

6.     A limited liability company has the citizenship of each of its members. *Camico Mut. Ins. Co. v. Citizens Bank,* 474 F.3d 989, 992 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.").

7.     A corporation "shall be deemed . . . a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

8.     The application of this framework here is straightforward because Defendant, a limited liability company, has just two members, both of which are corporations. Specifically, Defendant's two members are The Kroger Co. ("Kroger") and LCGP3 Home Cooking, Inc. ("LCGP3").

9.     Kroger is an Ohio corporation that is headquartered in Cincinnati, Ohio. *See* Kroger's corporate record, attached as **Exhibit B**. LCGP3 is Delaware corporation but also headquartered in Cincinnati, Ohio. *See* LCGP3's corporate record, attached as **Exhibit C**. As a

result, Kroger is a citizen of Ohio and LCGP3 is a citizen of Delaware and Ohio for purposes of diversity and CAFA jurisdiction. Because Defendant, a limited liability company, has the same citizenship as its members, Defendant is a citizen of Ohio and Delaware for purposes of diversity and CAFA jurisdiction.

10. Plaintiff, by contrast, is a citizen of the State of Illinois. Compl., ¶2.

11. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A). *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed and the court had CAFA jurisdiction because the class representatives were citizens of Illinois, while the defendant was a Delaware corporation with its principal place of business in Arizona).

**C. The "Matter in Controversy" Aggregated Across All the Class Members' Claims Meets the CAFA Threshold.**

12. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). Based on the allegations contained in the Complaint, it is clear that Plaintiff seeks class-wide relief that exceeds $5,000,000.

13. Plaintiff alleges and/or asserts that Defendant had at least 400 different employees clock in and out of work in Illinois using a timeclock with a finger scanner. Compl., ¶3 and Plaintiff's Memorandum of Law in Support of Class Certification at 7 (both included in Exhibit D attached hereto). Thus, pursuant to Plaintiff's own allegations, the putative class contains at least 400 members.

14. Accordingly, the aggregate value of the alleged BIPA class claims exceeds $5,000,000. Plaintiff alleges four different BIPA violations, which allegedly collectively entitle Plaintiff and each putative class member to $20,000 in liquidated damages under BIPA, plus

attorneys' fees. Compl., ¶¶50-51 and Prayer for Relief, ¶D (requesting an award of $5,000 in liquidated damages for each reckless or intentional violation of BIPA under 740 ILCS § 14/20(1)). Accepting Plaintiff's class estimate, if Defendant had 400 employees who used the timeclock at issue, and each employee was awarded $20,000 ($5,000 for each of the four different violations alleged), the class award would equal $8,000,000 (400 employees, times four alleged violations per employee, times $5,000 per alleged violation). Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

15.     While Plaintiff's estimate of 400 putative class members shows that the "matter in controversy" exceeds CAFA's threshold, Defendant estimates that 2,950 current and former employees clocked in and out using the challenged timeclock system during the five-year period extending back from the date Plaintiff filed this action on December, 23, 2021. At one alleged violation per employee, and $5,000 per violation, a class damages award in favor of individuals employed during this period would total $14,750,000 (2,950 employees times one violation times $5,000 per violation). The Seventh Circuit has held that, in a CAFA removal, the "defendant is entitled to present a good-faith estimate of the stakes. If that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (vacating district court order that had remanded consumer fraud class action to Illinois state court).

16.     While Plaintiff's putative class claims put in controversy an amount exceeding the CAFA minimum, Defendant adamantly denies that it violated any requirement of BIPA and further asserts that Plaintiff filed this matter in the wrong forum. First, before commencing work, Plaintiff signed an arbitration agreement requiring her to arbitrate these employment-based claims on an individual basis. Defendant will be moving to compel arbitration following

removal. Second, Plaintiff signed a BIPA form prior to her start date and this form satisfies any consent and disclosure requirements imposed by BIPA. Third, the evidence will show that the challenged timeclock system does not in fact capture or collect "biometric information" or "biometric identifiers" as those terms are defined in BIPA.

### Procedure for Removal

17. Defendant was served with process on January 11, 2022. Defendant filed this notice within thirty days of that date. Thus, this notice is timely.

18. Defendant also has already filed or will file this notice of removal with the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d).

19. Defendant has as **Exhibit D** a copy of all process and pleadings served upon it in the Circuit Court of Cook County.

    Respectfully submitted:

    Relish Labs LLC, d/b/a Home Chef

    By: */s/ Joseph D. Kern*
    Diane Webster
    Peter E. Pederson
    Joseph D. Kern
    HINSHAW & CULBERTSON LLP
    151 North Franklin Street, Suite 2500
    Chicago, Illinois 60606
    (312) 704-3000 Phone
    (312) 704-3001 Fax
    dwebster@hinshawlaw.com
    ppederson@hinshawlaw.com
    jkern@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies that on February 10, 2022, he electronically filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below. The undersigned also caused a copy of this document to be sent to counsel identified below by email.

<u>Counsel for Plaintiff Maria E. Montoya</u>
Daniel Schlade, Esq.
James Dore, Esq.
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
dschlade@justicialaboral.com
jdore@justicialaboral.com

                                                */s/ Joseph D. Kern*

1048107\310067752.v1