# Exhibit D

FILED
1/4/2022 4:13 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06342
Calendar, 14
16158375

FILED DATE: 1/4/2022 4:13 PM   2021CH06342

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

**Summons - Alias Summons**                   (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Maria E. Montoya, individually and
on behalf of Themselves and All Other Similarly Situated
Persons, Known and Unknown

(Name all parties)      Case No.    21 CH 06342

v.

Relish Labs LLC dba Home Chef

☒ **SUMMONS**   ☐ **ALIAS SUMMONS**

Please Serve:
Relish Labs LLC
dba Home Chef
r/a Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, IL 62703

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61282

Atty. Name: Daniel Schlade/ James Dore

Atty. for: Plaintiff and the Proposed Class

Address: 6232 N. Pulaski, #300

City: Chicago

State: IL    Zip: 60646

Telephone: 773-550-3775

Primary Email: dschlade@justicialaboral.com

danschlade@gmail.com

Witness: 1/4/2022 4:13 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

Date of Service: 1-11-22

(To be inserted by officer on copy left with Defendant or other person):

FILED DATE: 1/4/2022 4:13 PM    2021CH06342

# CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

Richard J Daley Center
50 W Washington
Chicago, IL 60602

District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

Domestic Violence Court
555 W Harrison
Chicago, IL 60607

Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

## Daley Center Divisions/Departments

Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Iris Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FILED
12/21/2021 1:23 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06342
Calendar, 14
16036010

FILED DATE: 12/21/2021 1:23 PM 2021CH06342

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | | |
|---|---|---|
| Maria E. Montoya, individually and on behalf of Themselves and all other similarly situated persons, known and unknown, | ) ) ) | |
| | ) | |
| Plaintiff(s), | ) | |
| v. | ) | 2021CH06342 |
| | ) | |
| Relish Labs LLC dba Home Chef, | ) | |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff, Maria E. Montoya ("Plaintiff") individually and on behalf of themselves and all other similarly situated persons, known and unknown (the "Proposed Class"), by their attorneys, Daniel I. Schlade and James M. Dore of Justicia Laboral, LLC, complains against Defendant Relish Labs LLC dba Home Chef ("Defendant") and in support of this Complaint, states:

### Introduction and Parties

1. This class action seeks redress for Defendant's willful violations of the Illinois Biometric Information Privacy, Act, 740 ILCS 14/1, *et, seq.* ("BIPA") for failure to comply with Illinois's requirements for gathering individuals' biometric data.

2. Plaintiff is a resident of Chicago, Illinois; and they are or were employed by Defendant.

3. Defendant Relish Labs LLC dba Home Chef is a limited liability company in the business of packaging and delivering frozen food, including in Cook County, Illinois. During relevant periods, upon information and belief, Defendant employed in excess of 400 different employees.

4. The Court possesses general subject matter jurisdiction over the state law BIPA claim. Jurisdiction is proper under 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and

FILED DATE: 12/21/2021 1:23 PM   2021CH06342

because Plaintiff's and the Proposed Class's (the "Class") claims arise out of Defendant's unlawful in-state actions, as Defendant failed to comply with BIPA while taking Plaintiff and the Class's biometric information without complying with BIPA's requirements.

5.      Venue is proper in the Circuit Court of Cook County because all or most underlying facts and transactions occurred in Cook County, Illinois, and Plaintiff resides in Cook County, and Defendants transact business in Cook County, Illinois.

**COUNT III**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq**

6. Plaintiff reincorporates by reference Paragraphs 1 through 9, as if set forth in full herein for Paragraph 26.

7. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics".

8. This count concerns the misuse of individuals' biometrics by Defendant Relish Labs LLC dba Home Chef.

9. Defendant was and/or is capturing, storing, using, and/or disseminating the biometrics of Plaintiff and other Class members without their informed written consent as required by law.

10. Defendant's biometric technology captures, collects, or otherwise uses biometrics including fingerprints, or portions and/or data derived therefrom, to authenticate the identity of individuals.

11. Biometric technology allows companies to reduce timekeeping fraud. Unfortunately, along with the increased utility of biometric technology, so too come grave privacy risks associated with the unauthorized or malicious dissemination of this information.

12. The risk of harm is greatly magnified when biometrics are obtained in violation of reasonable regulations designed to protect individuals' irreplaceable information. The permanent and irreplaceable nature of one's biometrics makes the illegal collection of the same a significant public problem with far-reaching consequences, including irreversible identity theft.

13. Recognizing the irreversible harm presented by allowing the unregulated collection and use of biometrics, Illinois passed the BIPA, a statute addressing the collection, use, retention, possession, and dissemination of biometrics by private entities, such as Defendant Carmelo's.

14. Under BIPA, a biometric system, such as Defendant's system, is legal if, and only if, Defendant first:

(1) informs the person whose biometrics are to be collected in writing that biometric identifiers or biometric information will be collected or stored;

(2) informs the person whose biometrics are to be collected in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

(3) receives a written release from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

(4) publishes publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

15. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

FILED DATE: 12/21/2021 1:23 PM   2021CH06342

16. At the time the BIPA was passed in 2008, another data privacy statute, the Personal Information Protection Act, 815 ILCS § 530 et seq. ("PIPA"), had been law in Illinois since 2006. PIPA provided a private right of action if a company possessing an individual's unique biometric data (the same data regulated by the BIPA) suffers a data security breach and fails to give affected consumers proper notice of such a breach. Further, numerous state and federal statutes, including the Illinois Consumer Fraud Act, also provide consumers a remedy in the event of an actual breach.

17. Defendant's biometric timekeeping system works by extracting biometric information from individuals, such as fingerprints, handprints, or portions thereof; and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

18. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometric information is also associated with his/her Social Security Number and potentially other relevant financial information or personal identifiable information. The gravity of the unresolvable problems created in the event of a data breach is so severe that the unlawful collection of such information constitutes actual harm.

19. Plaintiff brings this action for damages and other remedies resulting from the actions of Defendant in capturing, storing, using, and disseminating his/her biometrics, and those other

FILED DATE: 12/21/2021 1:23 PM 2021CH06342

individuals throughout the state of Illinois, without informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of the Illinois BIPA.

20. To the extent Defendant is still retaining Plaintiff's biometrics, such retention is unlawful. Plaintiff would not have provided their biometric data to Defendant or utilized its biometric timekeeping technology had they known the same would remain with Defendant for an indefinite period or subject to unauthorized disclosure.

21. On behalf of themself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and common law monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

22. During the relevant time, Plaintiff worked at Defendant's premises.

23. Defendant uses biometric scanning technology to monitor and track its employees' and other staffers, including Plaintiff's time.

24. For at least the last two weeks of Plaintiff's employment at Defendant's facilities, they were required to scan their fingerprints and/or other biometrics into Defendant's biometric timekeeping device each time they needed to "clock-in" and "clock-out". The system ensures that Plaintiff could only verify their attendance and timeliness using the device. Defendant was aware that Plaintiff and other Class members would be required to utilize the biometric timekeeping technology.

FILED DATE: 12/21/2021 1:23 PM 2021CH06342

25. Plaintiff relied on Defendant to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including retention, destruction, and dissemination policies.

26. Defendant was aware, or reckless in failing to be aware, that its employees and staffers would be subject to its biometric technology. Defendant was aware that its biometric technology would be capturing, collecting, utilizing, and/or disseminating the biometrics of Plaintiff and the Class members.

27. Defendant's biometric technology allows for and resulted in the dissemination of Plaintiff and other Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

28. Prior to taking Plaintiff's biometrics through its biometric technology, Defendant did not inform Plaintiff in writing that their biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

29. Prior to taking Plaintiff's biometrics, Defendant did not make publicly available any written policy as to a biometric retention schedule and guidelines for permanently destroying the collected biometrics.

30. Additionally, Defendant did not obtain consent from Plaintiff for the dissemination of his biometrics to third parties.

FILED DATE: 12/21/2021 1:23 PM    2021CH06342

31.     To this day, Plaintiff is unaware of the status of their biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains their biometrics, and if it does, for how long it intends to retain such information without his consent.

32. Plaintiff has suffered pecuniary damages in the form of lost wages, diminution in the unique identifying value of his biometrics, and other costs associated with identity protection

33. Furthermore, Plaintiffs biometrics are economically valuable and such value will increase as the commercialization of biometrics continues to grow. Defendant's repeated use of Plaintiff's biometrics does and will continue to confer a benefit on Defendant for which Plaintiff was not sufficiently compensated.

34.     At the time Plaintiffs biometrics were captured, Defendant did not have a publicly available policy of informing individuals, including Plaintiff, of what happens to their biometrics after they are captured, whether the information is disseminated to a third party and, if so, which third party, and what would happen to the data if Defendant was to be acquired or file bankruptcy.

35.     Plaintiff and/or members of the Class may experience mental anguish and injury when they thinks about the status of his biometrics and who has, or could have, access to such private information; what would happen to his biometrics if Defendant or their clients went bankrupt or otherwise sold their assets; whether Defendant will ever delete his biometric information; what would happen if Defendant or their clients were to experience a data breach; and how any such breach would result in irreparable harm to his identity. This harm is even more acute because an individual with access to Plaintiff's biometrics could potentially access other financial accounts or health records which may currently, or at some time in the future, be secured through their biometrics.

36. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## Class Allegations

37. Plaintiff brings this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All of Relish Labs LLC dba Home Chef employees or agents and staffers whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant or its technology within the State of Illinois any time within the applicable limitations period

38. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

39. Upon information and belief, there are at least 100 members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

40. Plaintiff's claims are typical of the claims of the members of the Class s/he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are

the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

41. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

> a. Whether Defendant's timekeeping technology and associated conduct is subject to BIPA;

> b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

> c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

> d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

> e. Whether Defendant's conduct violates BIPA;

> f. Whether Defendant's conduct is negligent;

> g. Whether Defendant's violations of the BIPA are willful or reckless; and

> h. Whether Plaintiff and the Class are entitled to damages and injunctive relief;

> i. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics.

42. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

FILED DATE: 12/21/2021 1:23 PM    2021CH06342

43.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

44.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

45.     Defendant is a private entity under BIPA.

46.     BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject ... in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject ... in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information ....". 740 ILCS 14/15(b).

47.     Illinois's BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention

policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

48.  Plaintiff and the other Class members have had their "biometric identifiers", namely their fingerprints, collected, captured, received or otherwise obtained by Defendant and/or its technology. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10

49.  Each instance Plaintiff and the other Class members had their fingerprints scanned into Defendant's biometric devices, Defendant and/or its technology captured, collected, stored, and/or used Plaintiffs and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

50.  Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

FILED DATE: 12/21/2021 1:23 PM 2021CH06342

e. Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS14/15(a); and/or

f. Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

51. By designing and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiffs and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendant knew, or was reckless in not knowing, that the biometric systems it was selling, maintaining, and/or servicing would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

52. By capturing, collecting, storing, using, and disseminating Plaintiffs and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in the BIPA.

53. Had Defendant informed Plaintiff that he was not being provided with the required information regarding his biometrics and the biometric timekeeping program it was providing as required by law, or that the biometric technology it was providing was not legally compliant, they may not have worked in the subject employment conditions or agreed to provide his biometrics without additional compensation.

54. Further, had Defendant provided Plaintiff with all required disclosures, they at least would have been able to make an informed decision concerning material facts of the work environment, including whether the rate of pay and opportunity cost justified participating in the biometric timekeeping program.

55.     The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

56.     Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

**Wherefore**, Plaintiff, on behalf of themselves and the proposed Class, prays for:

a. the certification of the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. a declaration that Defendant's actions violate BIPA;

c. an award of injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture and collection of biometrics, as well as requiring Defendant to comply with the written retention policy requirements of 740 ILCS 14/15(a);

d. an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(1);

e. an award or statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(3);

f. an award of reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3); and/or

g. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT II
### Plaintiff and the Class – Negligence.

57. Plaintiff reincorporates by reference Paragraphs 1 through 56, as if set forth in full herein for Paragraph 57.

FILED DATE: 12/21/2021 1:23 PM   2021CH06342

58. To the extent that a fact finder concludes Defendant did not intentionally withhold information from Plaintiff and the Class relating to their biometrics, Defendant was nonetheless careless and negligent in its failure to act reasonably regarding its biometric technology and associated conduct.

59. A special relationship existed between Plaintiff and the Class and Defendant which gave rise to various duties and obligations concerning the biometric timekeeping and biometric data at issue.

60. Due to Defendant's position of superior knowledge and control regarding its biometric technology, including any policies and procedures, relative to Plaintiff's limited knowledge and power, a duty existed for Defendant to act reasonably in the circumstances. Such duty required Defendant to disclose all legally required information regarding the biometric technology and required Defendant to refrain from concealing such information from Plaintiff and the Class.

61. Defendant also had a duty to obtain lawful, informed, written consent from Plaintiff and the Class prior to capturing, collecting, storing, transferring, and using their biometrics with its biometric technology.

62. Further, Defendant's conduct in handling Plaintiffs biometrics gave rise to a duty for Defendant to act reasonably in handling, safeguarding, and using such biometrics, which included complying with all applicable laws and preventing the unauthorized disclosure of such information to third parties.

63. Defendant knew, or should have known, of the risks inherent in collecting, storing, using, and disseminating biometrics and owed duties of reasonable care to Plaintiff and the Class whose biometrics were obtained through their equipment and technology.

64. Defendant breached each of the aforementioned duties, as well as any that existed by operation of law, by, among other things, failing to implement a BIPA-compliant biometric system with reasonable data security policies and failing to obtain informed written consent from Plaintiff and the Class prior to handling their biometrics, whether directly or through its technology and/or equipment

65. As a direct and proximate result of Defendant's conduct in failing to act reasonably with regards to the biometrics of the Plaintiff and the Class, the Plaintiff and the Class have suffered pecuniary and non-pecuniary injury, as further described supra.

66. Accordingly, Plaintiff, on behalf of himself and the proposed Class, prays for an award of actual and compensatory damages in an amount to be determined at trial.

**Wherefore** Plaintiff, on behalf of themself and the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3); in an amount to be determined at trial;

f. Awarding monetary damages and equitable relief for Defendant's negligence .

g. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

h. Awarding pre- and post-judgment interest, as allowable by law; and

i. Awarding such further and other relief as the Court deems just and equitable.

FILED DATE: 12/21/2021 1:23 PM   2021CH06342

Maria E. Montoya, Individually And On Behalf Of Themselves And All Other Similarly Situated Persons, Known And Unknown,

_____
By, one of their attorneys

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 61282

FILED
12/23/2021 9:37 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06342
Calendar, 14
16062314

FILED DATE: 12/23/2021 9:37 AM   2021CH06342

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

| | |
|---|---|
| Maria E. Montoya, individually and on behalf of themselves and all other similarly situated persons, known and unknown, | ) ) ) Case No. 21 CH 06342 |
| Plaintiffs. | ) |
| v. | ) ) |
| Relish Labs LLC dba Home Chef, | ) ) |
| Defendants. | ) |

### Plaintiff's Motion for Class Certification, or alternatively, for a
### Deferred Class Certification Ruling Pending Discovery

Plaintiff, Maria E. Montoya ("Plaintiff"), by their undersigned counsel, and pursuant to

735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed in his Memoranda of

Law, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys James Dore

and Daniel Schlade of Juticia Laboral, LLC as Class Counsel. Alternatively, Plaintiff requests, to

the extent the Court determines further evidence is necessary to prove any element of 735 ILCS

5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete

discovery. See, e.g., *Ballard RN Center, Inc. v. Kohl's Pharmacy & Flomecare, Inc.*, 2015 IL

118644, at 42-43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011)). In support

of his Motion, Plaintiff submits the following Memoranda of Law.

Maria E. Montoya Individually And On Behalf Of Themselves And All Other Similarly Situated Persons, Known And Unknown,

_____
By one of their attorneys

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 61282

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### CHANCERY DIVISION

Maria E. Montoya individually and on behalf of themselves )
and all other similarly situated persons, known and unknown, )
                                           )    Case No. 21 CH 06342
                          Plaintiffs.         )
      v.                                           )
                                           )
Relish Labs LLC dba Home Chef,           )
                          Defendants.     )

### Plaintiff's Memorandum of Law in Support of Class Certification

Plaintiff, Maria E. Montoya ("Plaintiff") individually and on behalf of themselves and all other similarly situated persons, known and unknown (the "Proposed Class"), by their attorneys, Daniel I. Schlade and James M. Dore of Justicia Laboral, LLC, submits the following Memorandum of Law in Support of Class Certification, and in support states:

This Court should certify a class of Illinois workers whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant Relish Labs LLC dba Home Chef ("Home Chef" or "Defendant). Defendant, a Illinois Limited Liability Company, has violated Illinois law by capturing, collecting, storing and using its workers' fingerprints without obtaining proper consent, and by failing to provide workers with a retention schedule explaining how long such biometric information and biometric identifiers are used and stored. After learning of Defendant's wrongful conduct, Plaintiff brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's collection, use and storage of biometric data and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

2

## I. Introduction – The BIPA

The BIPA is designed to protect individuals' personal biometric information. Under the BIPA, biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry; while biometric information can be defined as the manipulation of biometric identifiers into usable, storable data. In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that private entities such as Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; (3) received a written release from the person for the collection of her or her biometric identifiers information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5.

## II. Factual Background

### A. The Underlying Misconduct.

Defendant employed Plaintiff and other employees/members of the proposed class at its packaging facility in Bedford Park, Cook County, Illinois (the "Facility"). Plaintiff has been employed at the Facility since December 2021 where she works on its packaging line, and Plaintiff has been forced by Defendant to "clock-in" and "clock-out" everyday using biometric data. Plaintiff is a SPanish speaker, and she has not been provided with any written disclosures of her rights as required by BIPA before she started using Defendant's biometric data recording devices.

During the relevant period, Defendant implemented a biometric timekeeping system to monitor the hours worked by its workers. Defendant acquired and installed biometric timekeeping

3

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

devices at its facility and required its workers, including Plaintiff, to be fingerprinted by their biometric timekeeping devices, which captured, stored, and used their fingerprints. All workers were expected to provide at least one of their fingerprints or handprints to the Defendant. Defendant and/or its agents, through their biometric timekeeping devices, then captured, stored and used workers' fingerprints and associated biometric information as a way to monitor the hours they worked.

However, Defendant failed to obtain informed consent from its workers prior to capturing and collecting their biometric information and similarly failed to provide workers and the public with a retention schedule and deletion policies which detailed how and when Defendant would retain and then destroy its workers' biometric information and/or biometric identifiers. On information and belief, Defendant does not have a policy of informing its employees what happens to their biometric data or information after it is collected and obtained, whether the information is transmitted to and, if so, which third party, and what would happen to the data and information if an individual discontinues working for Defendant, if the business were to close, or if Defendant were to be acquired, sold, or file for bankruptcy. Despite changing their timekeeping practices to require workers to enter their biometric identifiers, Defendant failed to comply with the BIPA's s protocols related to biometric identifiers and biometric information.

### B. The Proposed Class.

Plaintiff brings Count 1 of this action on behalf of himself and a Class of similarly situated individuals (the "Class"), defined as follows:

> All individuals whose biometrics were captured, obtained, stored or used by Defendant Relish Labs LLC dba Home Chef within the state of Illinois any time within the applicable limitations period.

4

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure-numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative class can obtain appropriate redress for Defendant's unlawful conduct.

C. Argument

**A. Standards for Class Certification.**

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)  The representative parties will fairly and adequately protect the interest of the class.
> (4).    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

5

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to error in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, see *Manual for Complex Litigation (Fourth)*, § 21.14, at 255 (2004), courts have found discovery can be helpful prior to addressing a motion for class certification. See, e.g., *Ballard RN Center, Inc. v. Kohli's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at par. 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation"), (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, if deemed necessary by the Court, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B. The Requirement of Numerosity Is Satisfied.**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991) (citing *Steinberg v. Chicago Med Sch.*, 371 N.E.2d 634, 642-43 (1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. IL 2006).

Plaintiff alleges that there are 400+ members of the Class. Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. See 2 A. Conte & H. Newberg, *Newberg on Class Actions* § 7.20, at 66 (where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as *prima facie* evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's business processes in Illinois and their lack of biometric retention policies, adequately demonstrate the numerosity of the proposed Class. See *Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. IL 2008) (the court "may make common sense assumptions in determining numerosity").

Defendant operates a frozen food packaging and delivery facility. The Defendant utilizes employees such as Plaintiff to package and process its products. There has been turnover of employees, suggesting even more potential class members exist than the number of employees Defendant currently has. As such, the number of Class members is almost certainly to satisfy the numerosity requirement. See *Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Carrao v. Health Care Serv. Corp.*, 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

complaint of hundreds and possibly thousands of class members clearly supports finding that joinder would be impracticable).

Additionally, the members of the putative Class can be easily and objectively identified from the Defendant's employment records once they are produced. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are likely disbursed throughout Northern Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. See *Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

## C.    Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. See *Miner v. Gilletre Co.*, 428 N.E.2d 478,483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. See *O-Kay Shoes, Inc. v. Rosewell*, 412 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. IL Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the same legal theory and the same alleged

8

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household .Tnt'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: Whether Defendant collects, captures, stores or uses the biometrics of Class members; Whether Defendant develops and makes available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by the BIPA; Whether Defendant obtains a written release from Class members before capturing, collecting, or otherwise obtaining workers' biometrics; Whether purposes, and the length of time, for which their biometrics were being collected, stored and used before t ng; Whether Defendant's violations of the BIPA are willful and reckless; and Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometric identifiers and/or biometric information of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of tact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

**D. Adequate Representation.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced, and generally able to conduct the proposed litigation." See *Miner*, 428 N.E.2d at 482; see also *Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class. Plaintiff and all members of the Class have had their biometric information taken by Defendant without giving proper consent and without receiving a retention schedule from the Defendant. Additionally, this information was likely given by Defendant to a third party without the knowledge of Plaintiff or any other members of the Class. Plaintiff's pursuit of this matter demonstrates that he will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex litigation, and has extensive experience in consumer lawsuits. (See Declarations of James M. Dore and Danial Schlade, attached hereto). Class counsel are affiliated with Justicia Laboral, LLC and will have access to resources for processing the claims of the Class Members. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

**E.      Fair and Efficient Adjudication of the Controversy.**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other

FILED DATE: 12/23/2021 9:37 AM   2021CH06342

ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd.*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action ... a fair and efficient method to resolve the dispute.") Because numerosity, commonality, and predominance, and adequacy of representation have been satisfied in the instant case, it is evident that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A controlling factor in many cases is that the class action is the only practical means for class members to receive redress. *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost...sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving the BIPA, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with the BIPA, to ensure that the Class members' privacy in their biometrics is sufficiently protected, and to compensate those individuals who have had had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any

11

significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to honor the requirements of the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. CONCLUSION

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing James M. Dore and Daniel Schlade as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Maria E. Montoya Individually And On Behalf Of Themselves And All Other Similarly Situated Persons, Known And Unknown,

By one of their attorneys

Daniel Schlade
James Dore
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
dschlade@justicialaboral.com
jdore@justicialaboral.com
Firm ID 61282

12

### Declaration of Attorney Daniel I. Schlade

**Now Comes** Daniel I. Schlade, attorney for the Plaintiff and proposed class and presents this Declaration in support of Plaintiff's Motion for Class Certification and Memoranda in support of the same, and for the Appointment as Class Counsel in this matter:

1. I am over 21 years of age and do not suffer from any disabilities that would prevent me from making this Declaration. This Declaration is made upon on my personal knowledge and, if sworn as a witness, I could testify competently to the facts set forth herein.

2. The Court possesses general subject matter jurisdiction over the state law Illinois Biometric Information Privacy Act ("BIPA") claim. Jurisdiction is proper under 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's and the Class's claims arise out of Defendant's violation of the BIPA.

3. I have practiced law for more than 20 years in numerous areas of commercial and consumer litigation, representing both plaintiffs and defendants.

4. My colleague, James M. Dore ("Dore"), has practiced law for more than 13 years in numerous areas of commercial and consumer litigation, representing both plaintiffs and defendants.

5. Since becoming an attorney, both Dore and I have acquired extensive practice in the area of employee and labor rights, including prosecuting BIPA claims, wage claim recovery for employees, including enforcement of the Illinois Minimum Wage Law Act,

1

in 820 ILCS § 105/1, *et seq* ("IMWL"), federal Fair Labor Standards Act Claims ("FLSA"), and discrimination claims under both Title VII and state law. Both Dore and I have represented and advised over 100 clients on various employment law matters.

6. Additionally, Dore and I have extensive experience representing plaintiff's in other consumer protection areas, such as consumer fraud and employment discrimination.

7. Daniel Schlade and I are both duly-licensed attorneys in the State of Illinois and are in good standing.

8. Together, we are the attorneys for Plaintiff and are proposing to be class counsel to the class members. We represent plaintiffs in a wide variety of employment matters, including individual and class action litigation involving BIPA, wage and hour matters.

9. Daniel Schlade and I have substantial experience in prosecuting and settling wage and hour collective/class actions and are well-versed in employment law and class action law.

10. In addition, Daniel Schlade and I have substantial experience in prosecuting and settling claims under consumer protection statutes such as the FLSA and the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"). We continually researched the BIPA in order to stay up-to-date on the law, as well as other related laws.

11. Dore and I currently serve as proposed class counsel in *Mastache* v. East Side Services LLC, 21-cv-02511, pending in the Northern District of Illinois. Dore as counsel for defendants in the wage class action suit *Landabazo v. Café 23, Inc. et al*, 14 cv 03844. Within the last year, Daniel Schlade and I have served as co-counsel on at least 100

2

FILED DATE: 12/23/2021 9:37 AM 2021CH06342

matters involving wage and hour litigation, in both the Northern District of Illinois and the circuit court of Cook County, Illinois.

12. Dore's and my practice is currently at least 80% employment law related claims.

13. I have also been involved in legal educational groups, and I have authored or co-authored a number of chapters for the Illinois Institute for Continuing Legal Education ("IICLE"). Dore has also been involved in many educational and legal groups, including the Illinois State Bar Association, the Chicago Bar Association, and the Illinois Creditor's Bar Association. Additionally, we have both received CLE on various wage and hour and consumer protection topics, including collective/class action litigation at meetings, conferences, and CLE programs sponsored.

14. Dore and I are also members of the law firm Justicia Laboral LLC ("JLL"). JLL is a law firm focused on providing representation, guidance and advocacy for aggrieved employees, and it currently has a presence in four states: Illinois, Texas, New Mexico, and Colorado. JLL possesses the resources and support staff that will allow for the proper administration of any Class recovery, notifications, and administrative necessities.

15. Given our substantial experience in prosecuting: a) wage and hour class and collective actions; b) other employee labor claims; and c) consumer protection actions, it is our position that it is proper for the Court to appoint Dore and I as Class counsel in this matter.

3

## Verification

Pursuant to Section 1-109 of the Code of Civil Procedures the above statements are true and correct, and as to those matters stated on information and belief the undersigned believes them to be true and correct.

Daniel I. Schlade

Date: 12-21-2021

**Daniel I. Schlade**
**James M. Dore**
*Justicia Laboral LLC*
6232 N. Pulaski, #300
Chicago, IL 60646
P: 773-942-9415 x 103
E: dschlade@justicialaboral.com, danschlade@gmail.com
   jdore@justicialaboral.com
Firm ID

4